UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DUSTIN MICHAEL GURWELL,

          Plaintiff,

   v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

          Defendant.

CASE NO. 2:16-cv-01799 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed. *See* Dkt. 10, 11, 12.

Plaintiff is young: he was 21 years old when he protectively filed a Social Security application. *See* AR. 10, 204. Although plaintiff alleged disability since age 16, because supplemental security income is not payable prior to the month following the month in

which the application was filed the ALJ concluded that the applicable period for evaluation purposes began August 28, 2013 – the month he filed his application *See, e.g.*, AR. 12, 21.

On June 14, 2011, prior to filing the application, plaintiff's treating physician noted that the evaluation "for chronic pain [was] negative." AR. 275. At that time, the treating physician opined that plaintiff did not have a physical impairment. *See* AR. 277. However, approximately 3 ½ years later, and after plaintiff filed his application, this same treating physician diagnosed plaintiff with fibromyalgia. AR. 512.

The ALJ found that plaintiff only had one severe impairment -- affective disorder. AR. 12. In doing so, the ALJ rejected plaintiff's complaints of fibromyalgia, finding that the alleged fibromyalgia is not a medically determinable impairment. AR. 12-13. Although the ALJ found that there was "no firm diagnosis" of fibromyalgia in the record, this finding is not based on substantial evidence in the record as a whole, as there are numerous diagnoses of fibromyalgia by at least three different physicians in the record, two of them with relevant specialties. *See* AR. 13, 297, 441, 446, 455, 512. Similarly, the ALJ's rejection of fibromyalgia on the basis that there are "no objective findings to support it," also is not based on substantial evidence in the record as a whole. Plaintiff's treating physician, Dr. Alan E. Carter M.D., observed that plaintiff "is tender at 12/18 trigger points for fibromyalgia" on October 15, 2014, squarely within the relevant period of time.

Therefore, the Court concludes that the ALJ erred when evaluating the medical evidence. This matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, DUSTIN MICHAEL GURWELL, was born in 1991 and was 21 years old on the protective application filing date, August 28, 2013. *See* AR. 10, 204. Plaintiff completed high school. AR. 32. Plaintiff has no relevant past work (AR. 69), but did work briefly for his girlfriend's father as cabinetry maker assistant. He stopped working when he was not able to do the work. AR. 32-33.

According to the ALJ, plaintiff has at least the severe impairment of "Affective Disorder (20 CFR 416.920(c))." AR. 12.

At the time of the hearing, plaintiff was living with his parents. AR. 64-65.

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR. 76, 88. Plaintiff's requested hearing was held before Administrative Law Judge M.J Adams ("the ALJ") on June 23, 2015. *See* AR. 27-75. On August 18, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 7-26.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ committed legal error by failing to find plaintiff's fibromyalgia and headache disorder to be medically determinable impairments; (2) Whether the ALJ failed to

properly credit the opinions of plaintiff's treating and examining physicians; (3) Whether the Commissioner's determination of plaintiff's residual functional capacity is support by substantial evidence; (4) Whether the ALJ made improper adverse credibility findings regarding plaintiff's testimony; and (5) Whether this case should be remanded for a calculation of benefits. *See* Dkt. 10, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Whether the ALJ committed legal error by failing to find plaintiff's fibromyalgia and headache disorder to be medically determinable impairments.**

First, plaintiff contends that the ALJ erred when evaluating his fibromyalgia at step two of the sequential disability evaluation procedure. Dkt. 10, pp. 4-8; *see also* Dkt. 12, pp. 1-5. Defendant contends that substantial evidence supports the ALJ's findings that plaintiff's alleged fibromyalgia is not medically determinable and that any error is harmless. Dkt. 11, pp. 3-8.

Step-two of the administration's evaluation process requires the ALJ to determine if the claimant "has a medically severe impairment or combination of impairments."

*Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Basic work activities are "abilities and aptitudes necessary to do most jobs," including, for example, "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen, supra*, 80 F.3d at 1290 (quoting Social Security Ruling "SSR" 85-28) (citing *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)).

According to Social Security Ruling 96-3b, "[a] determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s) (*i.e.*, the objective medical evidence and any impairment-related symptoms), and an informed judgment about the limitations and restrictions the impairments(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities." SSR 96-3p, 1996 SSR LEXIS 10 at *4-*5 (citation omitted). In *Benecke*, the Ninth Circuit concluded that the ALJ had erred in discounting medical opinions based in part on a fibromyalgia diagnosis, and found that the ALJ instead had been "relying on his disbelief of [the claimant's] symptom testimony as well

as his misunderstanding of fibromyalgia." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (footnote omitted); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003). As noted by the Ninth Circuit, "[s]heer disbelief is no substitute for substantial evidence." *Id.*

Here, at step two, the ALJ found that plaintiff's alleged fibromyalgia is not "a medically determinable impairment because from [his] review, the references to fibromyalgia are all by history . . . . And it is readily apparent no diagnosis of fibromyalgia was ever made . . . ." AR. 13-14. However, this finding by the ALJ is directly contradicted by the record. On December 4, 2013, plaintiff was referred "for rheumatologic consultation at the request of Dr. Blackwell, Jeffrey, M.D. for second opinion evaluation of the diagnosis of fibromyalgia." AR. 442. A second opinion regarding a diagnosis implies that a first opinion of a diagnosis was made. For this second opinion, Dr. Thuc Nguyen, MD, examined plaintiff and reviewed records from six other doctors. *See id*. Dr. Nguyen noted that plaintiff had been diagnosed with fibromyalgia in 2010, and after transfer of his care to a different doctor, plaintiff was referred to neurology and rheumatology for second opinions regarding his widespread pain and multiple complaints. *See id.* Dr. Nguyen examined plaintiff, for example noting that plaintiff reported pain with range of motion in his elbows and shoulders, and that plaintiff "has diffuse pain on palpation throughout his entire paraspinal spine region from neck from tailbone." AR. 445. Dr. Nguyen indicated that plaintiff "does not appear to have any obvious joint deformity or synovitis or rash or any systemic symptoms to suggest an inflammatory condition [but instead, plaintiff's] history, clinical symptoms and exam

findings are most consistent with fibromyalgia." AR. 446. He indicated that he discussed with plaintiff "the diagnosis and treatment of fibromyalgia," and gave plaintiff a handout. *Id*. When listing his "visit diagnoses," Dr. Nguyen listed as the primary diagnosis "fibromyalgia syndrome." AR. 441. Buttressing these multiple clear indications that Dr. Nguyen actually diagnosed fibromyalgia, when requested specifically to assess whether or not plaintiff suffered from fibromyalgia, there is another note in the treatment record by Dr. Jeffrey Blackwell M.D., who noted that plaintiff was seen "by Dr. Nguyen in rheumatology today for consult, he agrees with fibromyalgia diagnosis . . . ." AR. 455. Clearly Dr. Blackwell thought that Dr. Nguyen had diagnosed fibromyalgia. *See id.*

Similarly, neurologist Dr. Dinah Thyerlei, M.D., examined plaintiff in July, 2013, and indicated her opinion that "diagnosis is likely severe fibromyalgia with major depressive disorder, could be reactive, also migraine headaches with rebound (transformed) headaches from medication overuse headaches, which likely is leading to your severe pain." AR. 309. The neurologist indicated that plaintiff's symptoms were consistent with, among other things, "fibromyalgia with deconditioning for years." AR. 308. In another portion of her treatment record, when listing work activities affected by plaintiff's impairments, the neurologist listed two diagnoses: depression and fibromyalgia. AR. 297. Similarly, on October 15, 2014, plaintiff's treating physician, Dr. Alan Carter, M.D., listed in the assessment portion of his report that the primary encounter diagnosis was fibromyalgia syndrome. AR. 512.

For the reasons stated and based on the record as a whole, the Court concludes that the ALJ's rejection of plaintiff's alleged fibromyalgia as a medically determinable

impairment based on a finding that "it is readily apparent no diagnosis of fibromyalgia was ever made . . . ." is not based on substantial evidence in the record as a whole. AR. 14. In contrast, a rheumatologist, a neurologist, and plaintiff's treating physician all diagnosed plaintiff with fibromyalgia following examination.

The ALJ also found that fibromyalgia was repeated in the record as part of plaintiff's history, "but with no objective finding to support it." AR. 13. This finding, too, is not based on substantial evidence in the record as a whole. Plaintiff's treating physician, Dr. Carter, examined plaintiff and noted that plaintiff "is tender at 12/18 trigger points for fibromyalgia." AR. 512. As noted by the ALJ, "SSR 12-2p, Evaluation of Fibromyalgia . . . . Requires 'at least 11 tender points on physical examination.'" AR. 13 (internal citation omitted). As plaintiff's treating physician observed 12 tender points at the "trigger points for fibromyalgia," this requirement appears to be met. *See* AR. 512. Although defendant contends that the other elements are not met for this set of criteria for fibromyalgia, in addition to the trigger points, the record contains evidence of widespread pain, and evidence that the doctor considered other disorders which could cause the symptoms but excluded them. *See* AR. 442 (plaintiff was referred to neurology and rheumatology for second opinions regarding his widespread pain and multiple complaints), 445 (Dr. Nguyen examined plaintiff, noting that plaintiff "has diffuse pain on palpation throughout his entire paraspinal spine region from neck from tailbone"), AR. 446 (Dr. Nguyen indicated that plaintiff "does not appear to have any obvious joint deformity or synovitis or rash or any systemic symptoms to suggest an inflammatory condition [but instead, plaintiff's] history, clinical symptoms and exam findings are most

consistent with fibromyalgia"); *see also* Dkt. 11, p. 4. As already noted, the examining rheumatologist examined plaintiff specifically with an eye towards providing a second opinion regarding the diagnosis of fibromyalgia, and then diagnosed plaintiff with fibromyalgia. AR. 441, 446, 455.

It is true, however, as noted by the ALJ, that "Dr. Nguyen performed a physical exam, but did not note any trigger point." AR. 13 (citation omitted). It is also true that plaintiff's treating physician observed 12 tender points, but did not specify the location of these tender points, thereby creating an ambiguity as to whether these tender points qualify to establish the diagnosis of fibromyalgia for purposes of the Social Security Act. *See* AR. 512. As acknowledged by plaintiff, the "positive tender points must be found bilaterally (on the left and right sides of the body) and both above and below the waist," when attempting to demonstrate fibromyalgia with the 1990 ACR Criteria for the Classification of Fibromyalgia. *See* Dkt. 10, p. 5 (quoting SSR 12-2p) (other citations omitted). While Dr. Carter noted that the tender points were bilateral, he did not indicate whether they were found both above and below the waist. *See* AR. 512.

Although plaintiff has presented both subjective and objective evidence of fibromyalgia, along with multiple diagnoses, it appears that the record is ambiguous regarding plaintiff's alleged fibromyalgia.

The ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). The

ALJ's "duty exists even when the claimant is represented by counsel." *Brown*, *supra*, 713 F.2d at 443 (citing *Driggins v. Harris*, 657 F.2d 187, 188 (8th Cir. 1981)). However, the ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing *Smolen, supra*, 80 F.3d at 1288 (other citation omitted)).

Although it may be the case that aspects of the record that have not been referenced to the Court would allow for a full review of plaintiff's fibromyalgia, it appears that the record may need to be developed further on this issue.

The ALJ found that fibromyalgia is not a medically determinable impairment, relying on the findings that there was no firm diagnosis of fibromyalgia and that there was no objective finding to support any diagnosis of fibromyalgia. However, as just discussed, both of these findings are not based on substantial evidence in the record as a whole. Therefore, the Court concludes that the ALJ erred when evaluating plaintiff's alleged fibromyalgia. The Court also concludes that the error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully

crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

In addition to finding that plaintiff's alleged fibromyalgia is not a medically determinable impairment, the ALJ found that plaintiff did not have any severe physical impairments, finding that plaintiff's only severe impairment is affective disorder. AR. 12; *see also* AR. 16 (giving significant weight to a 2011 opinion from Dr. Carter that there was no physical impairment, but failing to note Dr. Carter's 2014 opinion that plaintiff suffered from fibromyalgia, with 12 out of 18 tender points, even though the period of time being reviewed by the ALJ is from August 28, 2013 through August 18, 2015). It is likely that the finding that plaintiff suffered from the impairment of fibromyalgia, as opposed to not having any severe impairment other than an affective disorder, would affect the findings regarding what limitations plaintiff has and what work related tasks he is capable of performing. Therefore, the Court cannot conclude with confidence "that no reasonable ALJ, when fully crediting [the impairment of fibromyalgia], could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). It also does not appear that the ALJ considered whether plaintiff's alleged fibromyalgia equaled a Listed Impairment at step three, *see* AR. 14, and it does

not appear that any limitations were included in plaintiff's residual functional capacity to accommodate any physical impairment. *See* AR. 15.

Therefore, the error is not harmless, and this matter needs to be reversed and remanded for further administrative proceedings. However, the Court does not find persuasive plaintiff's request that this matter be reversed with a direction to award benefits. This record contains conflicts in the medical evidence, and plaintiff has not directed the Court to evidence in the record establishing the diagnosis for fibromyalgia, as it is construed for purposes of the Social Security Act.

Here, outstanding issues must be resolved, including whether or not plaintiff's alleged fibromyalgia meets the definition of fibromyalgia relevant for Social Security. The Court should not reverse with a direction to award benefits when outstanding issues must be resolved. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) ("we generally remand for an award of benefits only in the 'rare circumstances,' *Moisa*, 367, F.3d at 886, 'where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed"). The ALJ is responsible for resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

Regarding plaintiff's headaches, the Court notes that the ALJ relied on plaintiff's MRI and the opinion of the neurologist to support the rejection of plaintiff's chronic headaches as severe. *Id.* However, when reviewing the MRI, the neurologist noted that the MRI revealed small "foci of increased T2 signal present within the ventricular white

matter most prominent right parietal." AR. 302. Furthermore, he opined that the pattern "is nonspecific, most suggestive of white matter changes associated with migraine, less likely multiple sclerosis or vasculitis." *Id*. Therefore, the record demonstrates that the neurologist interpreted the MRI as demonstrating "changes associated with migraine," as opposed to the finding by the ALJ that the MRI is inconsistent with a finding of headaches as a severe impairment. The Court concludes that the ALJ's finding that the MRI results support his finding that headaches are not severe is not a finding based on substantial evidence in the record as a whole. Therefore, this aspect of the medical record, too, should be evaluated following remand of this matter.

Similarly, the Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. The Court concludes that the medical opinion evidence provided by plaintiff's treating and examining physicians also should be assessed anew following remand of this matter.

In addition, because the Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1, the RFC necessarily must be evaluated anew following remand of this matter.

**(2) Whether the ALJ made improper adverse credibility findings regarding plaintiff's testimony.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration,

*see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

## CONCLUSION

The Court concludes that the ALJ erred when evaluating the medical evidence. The ALJ erroneously relied on two findings not based on substantial evidence when evaluating plaintiff's alleged fibromyalgia; the lack of a diagnosis and lack of objective support for this impairment. Both exist and this error is not harmless.

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 23rd day of June, 2017.

J. Richard Creatura
United States Magistrate Judge